**Gerald Rains, Appellant, v. Clarence Schutte, Appellee.**

**Gen. No. 64–50.**

Fifth District.
November 10, 1964.
Rehearing denied November 23, 1964.

Ryan and Heller, of Mattoon (Willis P. Ryan and Harlan Heller, of counsel), for appellant.

Gosnell & Benecki, of Lawrenceville, and Cox, Cox & Phillips, of Robinson (Edward Benecki and G. Kent Phillips, of counsel), for appellee.

WRIGHT, JUSTICE.

This is an action for personal injuries by the plaintiff, Gerald Rains, based upon alleged negligence of the defendant, Clarence Schutte. The cause was tried in the Circuit Court of Crawford County before a jury and resulted in a verdict in favor of the defendant. Plaintiff's post-trial motion was denied and judgment entered on the verdict in favor of defendant.

It is the theory of the plaintiff that he was denied proper challenges for cause and a proper voir dire examination of prospective jurors. Plaintiff contends that as a result of the failure of the trial court to allow challenges for cause or a proper voir dire examination, he was deprived of a fair trial and that the judgment of the trial court should be reversed and the cause remanded for a new trial.

The defendant was insured for the alleged negligence in issue with the Country Mutual Insurance

Company. Prior to the trial of the cause, counsel for the plaintiff requested counsel for the defendant to disclose the names, if any, of the prospective jurors on the jury venire who were policyholders in the Country Mutual Insurance Company. Pursuant to this request, counsel for the defendant disclosed that seventeen members of the jury venire were insured with the Country Mutual Insurance Company.

Plaintiff then filed a motion concerning these jurors wherein he moved the court for the following relief: "Plaintiff therefore moves that all Country Mutual insureds be dismissed for cause without any interrogation by the Court or counsel before any jurors are selected or sworn so that there will be no knowledge to any jurors of the reasons for the dismissal and so that it will not be necessary that any inquiry be made or unusual circumstances presented so as to cause speculation or conjecture among the jurors as to the reason for the dismissal of the Country Mutual insureds." In the alternative, plaintiff moved as follows: "If the Court should determine to deny Plaintiff's motion to dismiss Country Mutual insureds as jurors interested in the outcome of the litigation, that Plaintiff be granted leave to inquire of the jurors concerning their relationship with Country Mutual Insurance Company and the effect such relationship will have upon any verdict they should determine to return."

The above motion contains substantially the following allegations: That the defendant in this case is insured by Country Mutual Insurance Company, a company affiliated with the Farm Bureau throughout the State of Illinois and a company writing a large number of policies in Crawford County and throughout the downstate area of Illinois; that seven-

teen members of the jury venire are insured by Country Mutual Insurance Company; that the Farmers' Comprehensive liability policy issued by Country Mutual Insurance Company provides:

> "This policy is on the mutual or participating plan and the named insured, during the continuance of this policy shall be entitled to participate in such savings and earnings of the company as the Board of Directors may determine to distribute to like policyholders."

It is further alleged in the motion that pursuant to the terms of the policy issued by Country Mutual Insurance Company, it would be to the interest of all Country Mutual insureds to return a small verdict in injury claims presented against Country Mutual insureds so that their participation in savings and earnings would thereby be increased; that it is against public policy and fundamental concepts of jury trials to submit to a jury issues in which they are financially interested; that the plaintiff does not desire to introduce into the cause the issue of insurance nor does he desire to discuss the issue of insurance with the jurors on voir dire examination, but believes that unless the Country Mutual insureds are either excused from the jury without examination or, in the alternative, that he be authorized to inquire of the jury what effect their ownership of insurance with Country Mutual Insurance Company would have upon their deliberation, that he would be irreparably prejudiced in the selection of a jury; that the plaintiff has only five peremptory challenges and by the use of all of his peremptory challenges could not insure that all of the Country Mutual insureds financially interested in the outcome of the litigation would be removed from the panel.

Plaintiff's motion was denied by the trial court and the selection of the jury and trial continued. During the selection of the jury, twenty-seven jurors were examined and of these, nine were insured with the Country Mutual Insurance Company. Before the jury was selected, plaintiff had exhausted all of his challenges and five Country Mutual insureds were on the jury that returned the verdict against the plaintiff. The foreman of the jury was insured with Country Mutual.

The principle question presented on this appeal has been considered by the Supreme Court of Illinois in Smithers v. Henriquez, 368 Ill 588, 15 NE2d 499; Edwards v. Hill-Thomas Lime & Cement Co., 378 Ill 180, 37 NE2d 801; Kavanaugh v. Parret, 379 Ill 273, 40 NE2d 500; Moore v. Edmonds, 384 Ill 535, 52 NE2d 216 and Wheeler v. Rudek, 397 Ill 438, 74 NE2d 601.

The rule of law promulgated in the foregoing decisions of our Supreme Court is well stated in Wheeler v. Rudek, supra, as follows:

> "A principle of law that runs through all the cases is that, in an action of this kind where defendant carries public liability insurance, the plaintiff has the right, within certain limitations, to interrogate prospective jurors on their voir dire as to their interest and relationship to insurance companies that carry such insurance."

In Smithers v. Henriquez, supra, counsel for the plaintiff was permitted, over defendant's objection, to ask: "Are you, Mr. Long, or any of you gentlemen, interested financially, either as stockholders or otherwise, in the American Employers Insurance Company?" The Supreme Court in affirming the trial court pointed out that in order for defendant to obtain a reversal on the ground that the questions asked

prospective jurors upon their voir dire examination were prejudicial, the examination must have been such as to exhibit a prejudice to the rights of the defendant. The court in its opinion further states as follows:

"It is to be remembered that plaintiff's right to an impartial disinterested jury is equal to that of the defendant to have an examination of the jury free from prejudice to his interest. There can be no difference in a court of justice between the rights of litigants to a fair trial, and, if before a jury, that it be impartial and unbiased."

The right to examine prospective jurors as to their interest in an insurance company must be exercised in good faith. It is clear there must be good faith shown as to defendant's risk being insured. Good faith also extends to the probability of there being jurors who may be called that would be unsuitable to plaintiff for jury service by reason of their interest in, or relationship with an insurance company. If there is no reasonable probability of any of the jurors who are to be called being connected in some way or interested in the company, then the inquiry should not be made. Wheeler v. Rudek, supra.

In the instant case it is conceded that the defendant's risk was insured by the Country Mutual Insurance Company. It is further conceded that seventeen of the prospective jurors on the jury venire were also insured by the Country Mutual Insurance Company. It is further uncontradicted that the Country Mutual Insurance Company is a mutual company in which its policyholders share in profits, if any. All of this information was set forth by the plaintiff in his motion filed herein prior to trial asking that the seventeen prospective jurors on the jury venire that were insured by Country Mutual Insurance Company be excused by the court for cause, or in the alternative, that

219

he be permitted to interrogate said prospective jurors on voir dire examination as to the effect, if any, that their interest in the Country Mutual Insurance Company might have upon their verdict in the case. The trial court acknowledged the unusually large number of Country Mutual insureds in his ruling denying plaintiff's motion when he stated as follows: "It would be very difficult to go out and pick up additional Jurors without having a large part of them connected with Country Mutual Insurance Company. This is strictly a farming community and I am informed that a large majority of the people are insured by Country Mutual."

Plaintiff's motion alleges and it is not denied that Country Mutual Insurance Company is a company affiliated with the Farm Bureau throughout the State of Illinois and a company writing a large number of policies in Crawford County and throughout the downstate area of Illinois. It is a matter of common knowledge that many members of the Farm Bureau have a personal knowledge of the other members and it could easily and well be assumed that they are insured through and by Country Mutual Insurance Company.

It was the duty of plaintiff's counsel to satisfy himself that persons selected as jurors to try the case had no interest in the outcome of the case that might in any way effect their deliberation. We believe that the plaintiff's counsel acted in good faith in first ascertaining from the defendant that seventeen of the prospective jurors on the venire were policyholders in the Country Mutual Insurance Company, being the same company that carried the defendant's liability insurance, and continued to act in good faith by informing the court in the motion which was filed of this situation and asking out of the presence of the prospective jurors that these seventeen people either be ex-

cused or that plaintiff be permitted to interrogate them about their interest on voir dire examination.

We believe that since the uncontradicted facts developed before the trial of the case established that the defendant was insured by the Country Mutual Insurance Company, a mutual company in which insureds shared in profits, if any, and that seventeen of the prospective jurors on the jury venire were also policyholders in the Country Mutual Insurance Company, that the plaintiff was entitled to either have the seventeen jurors insured by Country Mutual Insurance Company excused from the jury or have been permitted to inquire of these jurors concerning their relationship with Country Mutual Insurance Company and the effect, if any, such relationship might have upon their verdict.

■ Before this case was called for trial, the undisputed facts disclosed that the defendant and seventeen of the jurors on the jury venire were carrying their insurance with Country Mutual Insurance Company, and it was further shown that this company is one in which policyholders share in profits, if such there be, and it was further established and acknowledged by the court that a large majority of the people in the community where the trial was being held are members of the Farm Bureau and insured by Country Mutual. In view of all of these facts and circumstances, we conclude that the court should have granted plaintiff's motion and excused for cause without interrogation by court or counsel all jurors on the venire who were insured by the Country Mutual Insurance Company, or in the alternative, permitted plaintiff's counsel to inquire of the insured jurors on voir dire examination concerning their relationship with Country Mutual Insurance Company and the effect, if any, such relationship might have upon any verdict that they might return.

221

We cannot agree with defendant that plaintiff waived any error of the trial court by failing to challenge the jurors and by tendering them to the defendant. Plaintiff's motion to excuse or challenge the Country Mutual insured jurors was directed to each of them. The record shows that plaintiff challenged each of the insureds for cause before any jurors were even called into the jury box. Plaintiff's motion to excuse or to challenge was denied by the trial court. It would have been a useless act for plaintiff to have again challenged the jury during voir dire examination and the fact that he did not indicates his good faith. After the trial court's ruling, there was no repetition of the request in the presence of the jury so as to accomplish by indirection or innuendo that which the trial court had ruled might not be accomplished. During the selection of the jury, plaintiff exhausted all of his peremptory challenges.

▮ Upon voir dire examination it developed that a prospective juror, Jane Imlay, was the wife of a party not involved in the litigation, who was either a stockholder or a part owner of a corporation in which Carroll T. Cox also owned stock or some kind of interest. Cox is a law partner of G. Kent Phillips, whose firm Cox, Cox & Phillips had been independently retained by defendant to represent him in the defense of this suit. Plaintiff requested that this person be excused for cause, which request was denied.

The law partner is not shown by the record to have appeared or participated in the conduct of the trial in any way. Plaintiff was given an adequate opportunity to interrogate juror, Jane Imlay, as to the relation in question and apparently, the trial court after hearing the answers to plaintiff's interrogation did not feel that the relation was intimate enough to require the excuse of this juror for cause. In this regard, we find no reversible error.

222

For the reasons herein stated, the judgment of the Circuit Court of Crawford County is reversed and this cause is remanded for a new trial.

Judgment reversed and remanded.

DOVE, P. J. and REYNOLDS, J., concur.